Todd M. Friedman, Esq. (310961)
Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

FILED
NOV - 3 2011

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA CUPPLES,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,<br><br>Defendant. | Case No. 11-6578<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law. Furthermore, Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Rebecca Cupples ("Plaintiff"), is a natural person residing in Philadelphia county in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, Financial Asset Management Systems, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On average, Plaintiff received from Defendant more than two collections calls per day, and more than ten collections calls per week.

7. Defendant contacted Plaintiff at times and places that were known to be inconvenient, including but not limited to, calls to Plaintiff's work.

8. Defendant contacted Plaintiff's employer, a third party to this action, and disclosed to third party, the existence of an alleged debt owed to Plaintiff and the identity of Defendant, without being expressly requested.

9. On more than one occasion, Defendant contacted Plaintiff's employer, a third party to this action, for purposes beyond obtaining location information.

10. Defendant engaged in conduct the natural consequence was to harass Plaintiff, including but not limited to, refusing to negotiate with Plaintiff despite being aware that Plaintiff was under financial hardship.

11. On more than one occasion, Defendant falsely represented that failure to pay the alleged debt would result in the seizure or garnishment of Plaintiff's property, including but not limited to, requesting Plaintiff's bank account information and contacting Plaintiff's employer to verify employment.

## COUNT I: VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

12. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

13. The Pennsylvania Fair Credit Extension Uniformity Act ("PaFCEUA") 73 P.S. § 2270.1 et seq. prohibits harassing and deceptive conduct by creditors while engaging in the practice of collecting a debt from consumers.

14. Section 2270.5 of the PaFCEUA allows consumers to recover damages against creditors who engage in unfair and deceptive debt collection practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTCPL").

15. Plaintiff is a "consumer" as defined by § 2270.3 of the PaFCEUA.

16. Defendant is a "creditor" as defined by § 2270.3 of the PaFCEUA.

17. Defendant's conduct violated the PaFCEUA in multiple ways, including but not limited to:

   a) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff;

   b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff;

   c) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information;

   d) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested;

   e) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff;

   f) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff;

g) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer;

h) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

i) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action; and

j) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

18.     As a result of the above violations of the PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT II: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

19.     Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

20. Defendant's conduct as set forth above constitutes an unfair or deceptive practice within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, et seq.

21. Defendant's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law has caused Plaintiff to suffer the damage set forth hereinabove.

22. Plaintiff is entitled to triple damages and attorneys' fees as a result of Defendant's conduct, pursuant to 73 P.S. §201-9.2.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));and

   b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   c) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

d) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

e) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

f) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

g) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§1692c(a)(1)(3));

h) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

i) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4)); and

j) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5)).

25. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;
    B. Actual damages;
    C. Statutory damages;
    D. Costs and reasonable attorney's fees; and,
    E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 31st day of October, 2011.

By: _____
Todd M. Friedman, Esq. (PA 310961)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
**Attorney for Plaintiff**